## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 8:22-cv-01395-SVW | Date | June 7, 2023 |
|----------|-------------------|------|--------------|
|          | 8:21-AP-01035-ES  |      |              |
|          | USBC Central District of CA at Santa Ana Division | | |
|          | 8:21-BK-10485-ES  |      |              |
|          | Related case: 8:22-cv-01450-SVW | | |

| Title | *In Re: Alan Dale Dickinson* |
|-------|------------------------------|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|------------------------|----------------------------------------|

| Paul M. Cruz | N/A |
|--------------|-----|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| N/A | N/A |

**Proceedings:**        ORDER DISMISSING BANKRUPTCY APPEAL [1]

Before the Court is an appeal by appellant Alan Dickinson ("Mr. Dickinson") challenging the Bankruptcy Court's granting Cross-Defendants David Lenhard and Fred Peters' anti-SLAPP motion[1] against Mr. Dickinson's counter claims.   ECF No. 1.   For the foregoing reasons, the Court DIMISSES the appeal for lack of jurisdiction.

A federal court must generally first determine whether it has jurisdiction before reaching the merits of a case.   *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (en banc) (citing *Sinochem Int'l Co.*

---

[1] Mr. Dickerson's notice of appeal also states that he is appealing the Bankruptcy Court's granting of attorney's fees.   But the appeal of this order is not a final judgment, order, or decree nor did Mr. Dickerson receive leave of the Court to challenge this interlocutory order.   *See* 28 U.S.C. § 158.   Moreover, the Court declines to grant Mr. Dickerson leave to challenge the award of fees because the fees motion does not meet the requirements set by the Ninth Circuit for granting leave to appeal from an interlocutory appeal.   *See In re Thinkfilm, LLC*, Nos. CV 12-9795 PSG, 12-9983 PSG, 12-10037 PSG, 12-10039 PSG, 12-10085 PSG, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) ("courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'") (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).   Moreover, from the substance of Mr. Dickerson's brief it is clear that Mr. Dickerson is challenging the Bankruptcy Court's ability to grant an anti-SLAPP motion.   *See generally* ECF No. 15.   Accordingly, the Court does not have jurisdiction to consider Mr. Dickerson's appeal of the Bankruptcy Court's granting of attorney's fees.   *See In re Cont'l Coin Corp.*, No. CV 13-6127 PA, 2014 WL 12614432, at *1 (C.D. Cal. Jan. 27, 2014).

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01395-SVW | Date | June 7, 2023 |
|---|---|---|---|
| | 8:21-AP-01035-ES | | |
| | USBC Central District of CA at Santa Ana Division | | |
| | 8:21-BK-10485-ES | | |
| | Related case: 8:22-cv-01450-SVW | | |
| Title | *In Re: Alan Dale Dickinson* | | |

*Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)). Here, debtor, as the appellant, has the burden of establishing that this Court has jurisdiction to hear his case.  *See Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016). The requirement of a timely notice of appeal is "mandatory and jurisdictional," so a reviewing court is "not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be."  *Id.* The same principle holds true in federal bankruptcy appeals. *Ozenne*, 841 F.3d at 814 (citing *In re Mouradick,* 13 F.3d 326, 327–28 (9th Cir. 1994)).

Rule 8002(a)(1) provides that a notice of appeal must be filed within 14 days of the date of entry of the order appealed.   An order is entered "when it is entered in the docket" as required by the Rules. Rule 8002(a)(5)(A)(i).   An appellant can extend the time to appeal by filing a motion with the bankruptcy court within the 14-day time period or "within 21 days after that time, if the party shows excusable neglect."  Rule 8002(d)(1)(A)–(B); *see In re Wilkins*, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018) (request under Rule 8002(d)(1)(B) must be filed within 14 days or 35 days where there is excusable neglect shown).   Once time has expired to request an extension, however, the order may no longer be appealed even upon showing of excusable neglect.  *See In re Golden*, No. 18-CV-2359-GPC-RBB, 2018 WL 6601615, at *1 (S.D. Cal. Dec. 17, 2018), appeal dismissed sub nom. *Golden v. Kipperman*, No. 19-55005, 2019 WL 1503062 (9th Cir. Feb. 22, 2019) (*citing Moore v. Hogan*, 851 F.2d 1125, 1126–27 (8th Cir. 1988)).

Here, Mr. Dickinson's appeals from the Bankruptcy Court's granting Cross-Defendants anti-SLAPP motion against Mr. Dickinson's counter claims.   The order was issued and entered on April 22, 2022.   ECF No. 1-2.   Thus, Mr. Dickinson was required to appeal the decision by May 6, 2022.

Additionally, Mr. Dickinson did not move before the Bankruptcy Court to extend the time to file his appeal within the 14-day time period during which his was required to file his appeal, nor did he attempt to do so within 21 days by showing excusable neglect. (*See generally*, Dkt. For *In Re: Alan Dale Dickinson*.)

Thus, the May 6, 2022, deadline remained the final date to appeal the bankruptcy action.   Mr. Dickinson filed his notice of appeal almost three months after this date on August 5, 2022.   ECF No. 1. Accordingly, Mr. Dickinson's Notice of Appeal of the Bankruptcy Court's order is untimely under Rule

Initials of Preparer
:
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01395-SVW<br>8:21-AP-01035-ES<br>USBC Central District of CA at Santa Ana Division<br>8:21-BK-10485-ES<br>Related case: 8:22-cv-01450-SVW | Date | June 7, 2023 |
|---|---|---|---|
| Title | *In Re: Alan Dale Dickinson* | | |

8002.   As such, his action before this Court must be dismissed. *See Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."); *see also In re Ozenne*, 841 F.3d at 814 (holding that the Bankruptcy Appellate Panel lacked jurisdiction to consider any appeal because the appellant did not file a timely appeal).

Accordingly, the Court lacks jurisdiction over the appeal and dismisses this appeal for lack of appellate jurisdiction.

**IT IS SO ORDERED.**

Initials of Preparer                    :

PMC